Cherie T. Wommer, Petitioner *v.* Workmen's Compensation Appeal Board (Lycoming County), Respondents.

Submitted on briefs May 3, 1984, before Judges CRAIG, BARRY and BLATT, sitting as a panel of three.

*Ambrose R. Campana,* for petitioner.

*Jonathan E. Butterfield, Liebert, Short, Fitz-patrick & Lavin,* for respondent, Lycoming County.

OPINION BY JUDGE BARRY, July 31, 1984:

This appeal results from an order of the Workmen's Compensation Appeal Board (Board) which affirmed an award of the referee ordering Lycoming County (employer) to pay counsel fees of Cherie T. Wommer (claimant). Despite a request by claimant and her attorney, Ambrose. R. Campana, seeking fees of $698.93, the referee set the fee at $85.20.

Claimant injured her back while in the employ of Lycoming County at the Lysock View Nursing Home in 1978. Following a short period during which she collected compensation benefits, claimant signed a final receipt and returned to work. In 1979, she reinjured her back, forcing her to miss four weeks of work. She subsequently filed this claim petition. Following a hearing, the referee found claimant was entitled to collect compensation of $106.50 a week for the

four weeks of work she had missed; further, the employer was ordered to pay claimant's medical bills of $3,175.15 thus amounting to a total claim of $3,601.15. The referee also found the employer had failed to present a reasonable contest to the claim petition; as the fee agreement between claimant and Mr. Campana called for a fee of 20% of the award, the referee ordered the employer to pay Mr. Campana 20% of the award.

A dispute then arose between the employer and Mr. Campana. The employer read the referee's award as requiring it to pay Mr. Campana $85.20 (20% of $106.50 a week for four weeks) while Campana sought payment of $698.93 (20% of total award of $3,601.15). When informed of the dispute, the referee, by letter of September 23, 1981, informed the parties that his understanding of the law was that attorney's fees were based on compensation exclusive of medical bills. On October 19, 1981, the referee entered an amended order setting the attorney's fees at $85.20. The Board affirmed and this appeal followed.

Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996 (Supp. 1984-85), provides:

> In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. . . .

In *Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 42, 342 A.2d 810, 813 (1975), we stated:

The question of what is a "reasonable sum" under the above provision, while including factual queries, is ultimately a question of law. Cf. Hartman v. Workmen's Compensation Appeal Board, 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975), in which we reached a similar conclusion in interpreting the clause "reasonable basis for the contest" in the proviso to Section 440. Therefore, it is within the Board's scope of review to reverse the referee's conclusion on this point, and it is likewise within our power to review the Board's conclusion.

Furthermore, "[s]uch a determination depends on the amount and degree of difficulty of the work performed. . . ." *Id.* at 43, 342 A.2d at 814.

At the outset, we note that this appeal does not involve any question about the reasonableness of the employer's contest. The referee held that no reasonable basis existed for the employer to contest its liability and the employer has not challenged this conclusion. Rather, we have claimant and her attorney challenging the inadequacy of the fee set after a determination that no reasonable contest had been presented.

In *Leuschen,* we allowed an award of attorney's fees based on a percentage of the total compensation award, including medical expenses which the employer there was compelled to pay. In its opinion in the present case, the Board stated:

In this case the claimant is to receive total compensation amounting to $426.00. The appeal by claimant's counsel is asking for fees in the amount of $698.93, a difference of $272.93. This writer feels that the intent of the Act was not to have a claimant dip into his pocket to pay fees in excess of the total amount of monies he received.

(Opinion of Board, 9-8-83, Page 2). Two observations are in order. First, the payment of medical expenses incurred is a part of the compensation award, even though those monies do not necessarily go into a claimant's "pocket." 77 P.S. §531 (Supp. 1984-85). Second, Section 442 of the Act requires the Board or the referee to approve any attorney's fees, 77 P.S. §998 (Supp. 1984-85); as a general rule, we would agree that a claimant would not be compelled to pay an attorney a fee which is greater than the amount received in weekly compensation benefits. As the Supreme Court stated in *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 521, 442 A.2d 242, 244 (1982), "Section 440 . . . shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial . . . right to the benefits of the Act. . . ." We therefore believe *in appropriate circumstances* that a computation of attorney's fees based on the total compensation award, including medical expenses, may be appropriate,[1] even though that amount may be greater than the amount the claimant would have had to pay an attorney if a reasonable contest had been presented.

We are unable to reach any conclusions, based on this record, concerning the reasonableness of a fee for claimant's attorney, as there is no evidence about the amount and degree of difficulty of the work performed. We therefore must remand the record for specific findings on the work performed by Mr. Campana, following which a new order on the question of attorney's fee should be entered. *R. M. Friction Materials Co. v. Workmen's Compensation Appeal*

---

[1] One must remember, however that "the award for attorney's fee must be computed on the compensation which the [claimant] is entitled to receive under various sections of the act and not on items of expense listed in Section 440 of the Act as additions to the award for compensation.

*Board,* 52 Pa. Commonwealth Ct. 279, 415 A.2d 965 (1980).

ORDER

AND Now, July 31, 1984, the order of the Workmen's Compensation Appeal Board, entered September 8, 1983, at No. A-82450, is vacated and the matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.