595 A.2d 697

Donald KOSZOWSKI, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (GREYHOUND LINES, INC.), Respondent.**

**GREYHOUND LINES, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (KOSZOWSKI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 8, 1991.

Decided July 15, 1991.

254

Larry Pitt, Wyncote, for petitioner/respondent, Donald Koszowski.

Marshall A. Haislup, III, Philadelphia, for respondent/petitioner, Greyhound Lines, Inc.

Before SMITH and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court are the cross petitions for review of Donald Koszowski (Claimant) and Greyhound Lines, Inc. (Employer) from the July 30, 1990 order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision denying Employer's petition for termination, suspension or modification (termination petition). The referee ordered Employer to continue paying Claimant workers' compensation benefits under The Pennsylvania Workmen's Compensation Act [1] (Act) and to pay all medical expenses set forth in the referee's decision. The referee further ordered that Claimant's attorney receive as a counsel fee twenty percent of Claimant's disability compensation chargeable solely to the compensation and to be deducted therefrom. The referee found that the twenty percent fee agreement between Claimant and his attorney was fair and reasonable. [2]

On January 11, 1986, Claimant, a bus driver, suffered a work-related back injury while taking baggage off a bus. Pursuant to a notice of compensation payable, Claimant was paid a weekly disability rate of $270.88. On September 3, 1987, Employer filed its termination petition alleging that Claimant had recovered from his work-related injury as of May 28, 1987. The Board affirmed the referee's decision in this matter and both Employer and Claimant appealed to this Court questioning respectively whether substantial evidence exists to support the decision and whether the referee erred in limiting the attorney's fee award to twenty percent of the disability compensation only. [3]

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

2. The fee agreement in question was admitted into the record at hearing before the referee. However, this agreement was not contained in the record forwarded to the Board or this Court. Failure to forward *the complete record* prevents the Board and this Court from performing appropriate appellate review. This Court frowns upon the practice by the referee of selecting among items admitted into evidence to be forwarded as the record to the Board and ultimately upon further appeal to this Court.

3. This Court's scope of review in workmen's compensation cases is to determine whether constitutional rights were violated, whether an

Employer argues that the referee's conclusion that Employer failed to meet its burden that Claimant fully recovered from his work-related injury is not supported by substantial evidence. Employer asserts that the testimony of its medical expert, Dr. Salkind, clearly rises to the level of competent medical evidence and that Dr. Salkind unequivocally testified that Claimant "had recovered completely from his work-related accident." Deposition of Dr. Salkind, p. 19. Further, Employer points to the fact that Conclusions of Law No. 2, wherein the referee found that Employer failed to meet its burden, is inconsistent with that portion of Findings of Fact No. 3, wherein the referee stated that "Dr. Salkind opined to a reasonable degree of medical certainty that claimant was fully recovered from his work-related injury of January 11, 1986."

 In a termination proceeding, the employer bears the burden of proving that a work-related disability has ceased. *Gallo v. Workmen's Compensation Appeal Board (United Parcel Service),* 95 Pa.Commonwealth Ct. 158, 504 A.2d 985 (1986). This burden can be met by presenting unequivocal and competent medical evidence of a claimant's full recovery from a work-related injury. *Ruhl v. Workmen's Compensation Appeal Board (Erie County Geriatric Center),* 102 Pa.Commonwealth Ct. 374, 518 A.2d 345 (1986). A determination of whether medical testimony is equivocal is a conclusion of law fully reviewable by this Court. *Lewis v. Commonwealth,* 508 Pa. 360, 498 A.2d 800 (1985). Credibility of witnesses, however, is for the referee to evaluate and he or she may accept the testimony of one witness over that of another. *Smith v. Workmen's Compensation Appeal Board (Westinghouse Electric Corp.),* 90 Pa.Commonwealth Ct. 246, 494 A.2d 877 (1985).

 Although the referee found that Dr. Salkind opined to a reasonable degree of medical certainty that Claimant

error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America),* 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

was fully recovered from his work-related injury, this finding is not inconsistent with the referee's conclusion that Employer failed to meet its burden. The referee also found that Dr. Vincent Baldino, Claimant's family physician, opined to a reasonable degree of medical certainty that Claimant suffered from a post-traumatic lumbar strain and sprain with post-traumatic L4–L5 and L5–S1 herniated discs, with left radiculopathy and further, that there was a direct causal connection between Claimant's current condition and his work-related injury. Findings of Fact No. 5. The referee's findings indicate that the medical evidence was conflicting; however, considering all of the evidence submitted by both sides, the referee accepted Claimant's physician's testimony over that of Employer's, which the referee found to be sufficient, competent and credible. For this reason, the referee did not err by concluding that Employer failed to meet its required burden of proving that Claimant fully recovered from his work-related injury.

■ Employer next argues that the referee erred by failing to consider Dr. Salkind's testimony as a whole. Employer asserts that the referee evaluated Dr. Salkind's testimony based upon an isolated statement which resulted in the referee's mischaracterization of the doctor's testimony. Specifically, Employer calls attention to the referee's finding that Dr. Salkind admitted on cross-examination that Claimant's objective studies show a central disc herniation of L5 touching the thecal sac and a bulging annulus at L4–L5 and that the referee neglected to point out that Dr. Salkind was responding to questions about opinions contained in reports which he did not prepare and which he specifically rejected. Employer's Brief, p. 12; Salkind Deposition, pp. 22–24, 27–28. Further, Employer contends that Dr. Salkind testified about his own review of the latest objective study—the September 11, 1986 CT scan of Claimant—which in his opinion did not evidence any herniated discs nor any significant findings such as compression of nerve roots or the thecal sac. Salkind Deposition, pp. 12–13, 27–28. Dr. Salkind, however, testified on cross-examina-

tion that "clearly there was something abnormal" and that there was a small central disc herniation at L–5. Salkind Deposition, pp. 13, 23–24. Additionally, he admitted on direct examination that there was indeed mild disc bulging at L4–L5. Thus, a review of Dr. Salkind's testimony in its entirety evidences that the referee did not take a few words of Dr. Salkind out of context but instead reviewed the testimony in its entirety to determine whether or not it is competent and sufficient. *See May Department Stores v. Workmen's Compensation Appeal Board (Smith)*, 105 Pa.Commonwealth Ct. 580, 525 A.2d 33, *appeal denied*, 516 Pa. 623–24, 532 A.2d 21 (1987).

 Employer next argues that the referee erred by ordering payment of medical bills because Claimant failed to prove a causal relationship between the bills and Claimant's work injury and that the causal nexus between the bills and the injury was not obvious. In a workmen's compensation matter, medical expenses, to be reimbursed, must be causally connected to a claimant's compensable injuries. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa.Commonwealth Ct. 292, 572 A.2d 845 (1990). In cases where the causal connection is not obvious, claimant must prove a causal relationship between the work injury and the medical bills before an employer is required to pay those bills. *King.* Employer challenges Dr. Romy's bill for $14,685 and those of Ritner Physical Therapy for $2590 on the basis that Claimant has not produced competent evidence of a causal connection between these bills and Claimant's work-injury.

Dr. Baldino testified that in his opinion, Dr. Romy's bills were reasonable and necessary charges incurred as a result of Claimant's work-related injury and that all the charges were in line with what is usually medically done with injuries such as those suffered by Claimant. Baldino Deposition, pp. 14–15. With respect to the Ritner Physical Therapy bills, Dr. Baldino further testified that Claimant was placed in passive physical therapy including ultrasound, electric muscle stimulation and therapeutic massage at an estimated cost of between $4500 and $5000. A bill from

Ritner Physical Therapy indicates that Claimant, indeed, attended physical therapy three times weekly for seven months at a total cost of $2950. Baldino Deposition, pp. 20–21. Thus, evidence of record sufficiently establishes a causal relationship between Claimant's medical bills and his work-related injury sufficient to require Employer to pay said expenses.[4]

■ Finally, in the cross appeal, Claimant argues that where the total amount of workmen's compensation benefits awarded includes medical expenses, the attorney's fee should also include twenty percent of the total medical expenses in addition to twenty percent of the disability benefits.[5] Claimant argues that the referee erred in limiting the attorney's fee award to twenty percent of the disability compensation since Claimant was also awarded medical expenses and thus his attorney should receive twenty percent of the award for medical benefits as well as twenty percent of disability compensation awarded. Section 442 of the Act, 77 P.S. § 998, provides that all counsel fees agreed upon by Claimant and his or her attorney for services performed shall be approved by the referee or

4. Employer cites *Buczynski v. Workmen's Compensation Appeal Board (Richardson Vicks, Inc.)*, 133 Pa.Commonwealth Ct. 532, 576 A.2d 421 (1990), for the proposition that medical bills incurred as a result of a work-related injury must be reasonable and necessary if they are to be reimbursed by Employer. In *Buczynski,* a claimant suffered a work-related physical injury for which she received workmen's compensation benefits. Claimant subsequently petitioned for reimbursement of psychiatric expenses allegedly incurred by her as a result of the work-related physical injury. This Court held that claimant must prove by unequivocal medical testimony that such psychiatric expenses were related to her original work-related physical injury. In the matter *sub judice,* the issue does not center around reimbursement for psychiatric bills as a result of a physical injury but rather reimbursement of medical bills for physical treatment as a result of a physical injury.

5. Employer also challenges that portion of the referee's order directing Employer to pay "any and all medical expenses incurred on and after May 28, 1987, the date that Dr. Salkind unequivocally stated that claimant had effected a complete recovery from his work injury." Employer's brief, p. 14. Having determined that neither the referee nor the Board erred in finding that Claimant did not fully recover from his work-related injury as of May 28, 1987, this Court need not address this issue raised by Employer.

board, provided that counsel fees do not exceed twenty percent of the *amount awarded*. Claimant asserts that by using the words "amount awarded" the legislature indicated its approval of an attorney's fee to be deducted from whatever award a referee makes, benefits and medical expenses alike.

In support of this proposition, Claimant cites *Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 84 Pa.Commonwealth Ct. 275, 479 A.2d 661 (1984). In *Wommer*, this Court held that in appropriate circumstances computation of an attorney's fee based on total compensation awarded, including medical expenses, may be appropriate even where that amount may be greater than an amount the claimant would have had to pay the attorney if a reasonable contest had been presented. Unable to reach any conclusions based upon the record concerning the reasonableness of a fee for claimant's attorney due to the lack of evidence concerning the amount and degree of difficulty of the work performed by the attorney, this Court in *Wommer* remanded for findings on the work performed by claimant's attorney. *See also R.M. Friction Materials Co. v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 279, 415 A.2d 965 (1980).

More recently, this Court in *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service and Workmen's Insurance Fund)*, 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991), stated that:

> [u]nder the Act, the referee is given the authority in the first instance to determine what constitutes a reasonable fee. In doing so, the referee may, of course, take into account any fee agreement between the attorney and claimant, the legislative declaration of reasonableness, as well as the other factors discussed in our cases. His finding is a conclusion of law and is reviewable by the board and by this Court.

140 Pa.Commonwealth Ct. at ———, 592 A.2d at 362.

As argued by Claimant, medical expenses may be included as part of the attorney's fee. However, as in *Wommer*,

this Court cannot reach a conclusion based upon the present record concerning the reasonableness of the fee due Claimant's attorney because there is no evidence regarding the amount and degree of difficulty of the work performed by counsel. As such, a remand is in order for the referee to make specific findings on the work performed by Claimant's attorney, following which a new order on the question of reasonableness and extent of an attorney's fee should be entered.[6] The Board's decision is affirmed in all other respects.

## ORDER

AND NOW, this 15th day of July, 1991, the order of the Workmen's Compensation Appeal Board is vacated insofar as it limits the attorney's fee award to twenty percent of the disability compensation only awarded to Claimant but affirmed in all other respects. This matter is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

PELLEGRINI, Judge, concurring.

I concur with the majority that medical expenses are included as a part of the amount against which attorney's fees can be calculated. We have held that such fees are permissible, no matter who is required to pay the employer, because of unreasonable contest, *Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 84 Pa.Commonwealth Ct. 275, 479 A.2d 661 (1984), or by the claimant. *Workmen's Compensation Appeal Board v. General Machine Products Co.*, 24 Pa.Commonwealth Ct. 95, 353 A.2d 911 (1976).

---

**6.** This Court notes that unlike *Wommer,* a reasonable contest was presented. Conclusions of Law No. 3. Furthermore, if twenty percent of medical expenses is to be awarded to Claimant's attorney, then the question arises as to who is responsible for the balance of medical expenses due the medical supplier. This problem would not arise, however, where the Claimant has actually paid the medical bills, is attempting to recoup for such bills and is merely paying his attorney for the amounts recovered.

Troubling is who represents claimant, where, as here, claimant's counsel is seeking an increase in his fee which the claimant, rather than the employer, is the one obligated to pay. I am uncomfortable that the claimant's attorney is seeking to have us reverse both the referee's and the Board's decision, arguing that his client should pay a greater fee, while the employer's counsel, who is not at risk to pay the fee, is arguing on behalf of the claimant.[1]

Upon remand, at the minimum, claimant should be informed of the potential conflict and informed that he may wish to employ an attorney to advise him of the reasonableness of the fees sought by his counsel.

---

1. There may not be a potential conflict if claimant's counsel had entered into a separate agreement with the medical provider to reimburse it for fees collected.