IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Martin,                         :
                  Petitioner            :
                                        :   No.  305 C.D. 2014
            v.                          :
                                        :   Submitted:  June 13, 2014
Workers' Compensation Appeal            :
Board (Bureau of Corrections),          :
                  Respondent            :


BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                        FILED:  August 26, 2014


            Barbara Martin (Claimant) petitions *pro se* for review of the January 7, 2014 order of the Workers' Compensation Appeal Board (Board), insofar as it affirmed the decision of a workers' compensation judge (WCJ) granting the termination petition filed by the Commonwealth of Pennsylvania, Bureau of Corrections (Employer).  We affirm.

            Claimant was employed as a correctional officer when she sustained a work injury on June 26, 2009, which Employer initially acknowledged as a lumbar strain/sprain.  Subsequently, Claimant filed a petition for review of a utilization review determination on behalf of her healthcare provider.  Employer filed a termination petition alleging that Claimant's work injury had fully healed as of November 19, 2010.  Claimant then filed a review petition, alleging that her medical

condition had worsened as of July 29, 2011, and that the description of her work injury should be amended to include lumbar radiculopathy. The three petitions were assigned to a WCJ and consolidated at a hearing on December 7, 2011. (WCJ's op. at 1.)

Claimant testified by deposition on September 2, 2011, and at the WCJ's hearing on December 7, 2011. Claimant testified that she fell down three to four steps while working, causing lower back soreness, stomach soreness, and bleeding related to her pregnancy. Claimant stated that she developed pain and numbness in her right leg later that day. She also stated that she started physical therapy for her work injury after she gave birth to her child. Claimant acknowledged that she slipped and fell several times at home and while entering her vehicle because her legs gave out. (Notes of Testimony (N.T.), 12/7/11, at 14; Claimant's dep. at 5-6, 8, 11.)

Claimant testified that she was examined briefly during independent medical examinations (IME) performed by Christian Fras, M.D., (Dr. Fras) on November 19, 2010, and on July 8, 2011. Claimant stated that Dr. Fras never touched her during the examinations but only asked questions. However, she acknowledged that Dr. Fras did have her move during the examinations. Claimant stated that she still experiences pain from her lower back down to her right leg and also has numbness in her right leg. She testified that she is receiving treatment for her work injury from Michael McCoy, M.D., (Dr. McCoy) and Sofia Lam, M.D., (Dr. Lam), who gives Claimant injections in her back that provide pain relief for two weeks at a time. Claimant also stated that a Dr. Henry was to perform surgery on January 18, 2012, in order to place a stimulator in her lower back. Claimant noted that she takes forty milligrams of Oxycontin three times a day and five milligrams of Oxycodone two times a day. (N.T., 12/7/11, at 14-18, 24; Claimant's dep. at 14-15.)

Employer submitted the August 8, 2011 deposition testimony of Dr. Fras, who is board certified in orthopedic surgery. Dr. Fras testified that he performed an IME on Claimant on November 11, 2010. Dr. Fras stated that he also reviewed MRIs of Claimant's back dated June 28, 2009, June 24, 2010, and October 29, 2010, and saw no disc herniations. (Dr. Fras dep. at 9, 13-14.) Dr. Fras described his physical examination of Claimant as follows:

> [Dr. Fras]: [Claimant] was a well-nourished woman appearing her stated age in no acute distress. She walked with a normal gait and stood with a normal station.
> She had no tenderness to palpation anywhere in the back. She had no paraspinous muscle spasm. She had full range of motion of her lower back. She had full strength in bilateral upper extremities in all muscle groups. And in her lower extremities she had four plus out of five tibialis anterior, extensor hallucis longus, and gastroc-soleus muscle groups on the right with cogwheeling and giving way on strength testing.
>
> [Employer's attorney]: Let me stop you right there, Doctor. What is cogwheeling for the benefit of the Judge?
>
> [Dr. Fras]: Cogwheeling is a ratcheting-type of giving way that is classically associated with symptom magnification. It is inconsistent with any neurologic deficit. It is inconsistent with any nerve root injury or spinal origin of weakness.
>
> [Employer's attorney]: Thank you, Doctor. Please go on.
>
> [Dr. Fras]: [Claimant] had positive five strength in those above-noted muscle groups on the left. She also had positive hip flexors and quadriceps bilaterally.
> She reported globally diminished sensation to light touch throughout the right lower extremity in a non-dermatomal distribution, and normal sensation to light touch in the left lower extremity, and normal sensation to her bilateral upper extremities.

3

> The globally diminished sensation to light touch that was in a non-dermatomal pattern was also suggestive of symptom magnification.
> Straight leg raise testing and femoral stretch testing was [sic] negative bilaterally. She had no tenderness along the sacroiliac joints bilaterally, she had negative FABER tests bilaterally, and had painless range of motion in both hips.

(Dr. Fras dep. at 11-13.)

Based on the medical history provided by Claimant, his review of her medical records, and his physical examination of Claimant, Dr. Fras opined that Claimant sustained a lumbar strain/sprain on June 26, 2009, from which she had fully recovered as of November 19, 2010. Dr. Fras testified that he did not recommend any further medical treatment for Claimant and that he would not place Claimant on any work restrictions. (Dr. Fras dep. at 17.)

Dr. Fras testified that he examined Claimant again on July 8, 2011. (Dr. Fras dep. at 18.) Dr. Fras described his physical examination of Claimant as follows:

> [Claimant] was a well-nourished woman appearing her stated age, no acute distress. She walked with a normal gait and stood with a normal station.
> She had no tenderness to palpation anywhere in her back. She had no paraspinous muscle spam [sic]. She had no tenderness over the sacroiliac joints. She had negative FABER tests bilaterally. She had full range of motion of her lower back in all planes.
> Manual strength testing on this . . . occasion revealed five over five hip flexors, quadriceps, tibialis anterior, extensor hallucis longus and plantar flexors bilaterally. Sensation to light touch was in tact [sic] in bilateral upper and lower extremities.
> Straight leg raise testing provoked no leg pain, therefore it was negative bilaterally. Femoral stretch testing is negative bilaterally. She had painless range of motion of both hips.
> She had normal reflexes in her lower extremities. She had no long tract signs.

4

(Dr. Fras dep. at 19-20.)

Dr. Fras stated that his opinion that Claimant had fully recovered from her work injuries did not change after the second IME. (Dr. Fras dep. at 22-23.) Regarding Claimant's allegation that her lumbar radiculopathy had worsened, Dr. Fras testified as follows:

> [Employer's attorney]: Doctor, you may or may not be aware that there's been a recent Review Petition filed alleging a worsening condition in the form of lumbar radiculopathy.
> Now, Doctor, noting the date of both of your examinations, you were not specifically examining for lumbar radiculopathy, are you none the less [sic] prepared to render an opinion about whether she is fully recovered from her work injury?
>
> [Dr. Fras]: I am prepared to offer such an opinion. And, again, find that [Claimant] is fully recovered from her work injury.

(Dr. Fras dep. at 25.)

Claimant presented the November 16, 2011 deposition testimony of Dr. McCoy, who is board certified in family medicine. Dr. McCoy testified that he first examined Claimant on November 23, 2009, and diagnosed her with a lumbar strain/sprain with disc herniations at L5 and L5-S1 with no lumbar radiculopathy. Dr. McCoy stated that he cleared Claimant for light-duty work that day and continues to examine Claimant every month or two. Dr. McCoy testified that he reviewed a December 23, 2009 EMG report that stated Claimant suffered from radiculopathy. Dr. McCoy stated that he subsequently reviewed a second EMG, completed in August of 2011, which revealed that Claimant suffered from a chronic L5 radiculopathy. Dr. McCoy testified that, in his opinion, the radiculopathy is causally related to Claimant's work injury. (Dr. McCoy dep. at 8, 11-15, 17.)

5

Although Dr. McCoy acknowledged that MRIs taken of Claimant's back on June 24, 2010, and October 29, 2010, revealed no disc herniations, he opined that Claimant has never fully recovered from her work injury and that there have been no substantial differences or changes in Claimant's symptoms from the time of his first examination of Claimant on November 23, 2009, to the time of his last examination of Claimant on October 4, 2011. He stated that, as of Claimant's last visit with him, Claimant would not be capable of returning to her full-duty job as a correctional officer and that she is restricted to sedentary duty. Dr. McCoy acknowledged that he completed forms through June 13, 2011, that stated Claimant was totally disabled. (McCoy dep. at 15-16, 19-20, 22-23.)

In his April 4, 2012 decision, the WCJ found that Claimant's testimony was neither credible nor persuasive. The WCJ also determined that Dr. Fras' testimony was more credible and persuasive than Dr. McCoy's testimony. The WCJ concluded that Claimant's work injury did include a lumbar radiculopathy but that Claimant has fully recovered from any injury related to the June 26, 2009 fall at work. The WCJ also concluded that Claimant was not entitled to litigation costs because Claimant did not prevail, and the Employer's stipulation to add lumbar radiculopathy to the work-injury description at the WCJ's December 7, 2011 hearing removed it from dispute during litigation. Thus, the WCJ granted the Claimant's review petition, in part, to add lumbar radiculopathy, but not disc herniations, to the description of the work injury. The WCJ also granted Employer's termination petition effective November 19, 2010.[1]

---

[1] The WCJ denied and dismissed Claimant's petition for review of a utilization review determination, but Claimant did not appeal this issue to the Board.

Claimant appealed to the Board, which by order dated January 7, 2014, affirmed the WCJ's order. The Board found that Employer met its burden of proving that Claimant had fully recovered from her work injury through the unequivocal medical testimony of Dr. Fras. The Board stated that the WCJ credited Dr. Fras' testimony, and, thus, the WCJ's grant of the termination petition was supported by substantial, competent evidence.

The Board also determined that the WCJ did not err in denying litigation costs to Claimant, because, under section 440(a) of the Workers' Compensation Act (Act),[2] the Board noted that a claimant is entitled to reasonable litigation costs as long as the claimant is successful. The Board also noted that Claimant's review petition was granted only insofar as Employer agreed to add lumbar radiculopathy to the work injury description and that this issue was never contested. Accordingly, the Board affirmed the WCJ's decision.

On appeal to this Court,[3] Claimant argues that the WCJ's determination that Claimant has fully healed from her work injury is not supported by substantial evidence. We disagree.

Initially, we note that an employer seeking to terminate workers' compensation benefits bears the burden of proving either that the employee's disability has ceased or that any current disability arises from a cause unrelated to the employee's work injury. *Campbell v. Workers' Compensation Appeal Board*

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of February 8, 1972, P.L. 25, 77 P.S. §996.

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704.

*(Antietam Valley Animal Hospital)*, 705 A.2d 503, 506-07 (Pa. Cmwlth. 1998). An employer may satisfy this burden by presenting unequivocal and competent medical evidence of the claimant's full recovery from his work injuries. *Koszowski v. Workers' Compensation Appeal Board (Greyhound Lines, Inc.)*, 595 A.2d 697, 699 (Pa. Cmwlth. 1991). "A determination of whether medical testimony is equivocal is a conclusion of law fully reviewable by this Court." *Id.*

"In a case where the claimant complains of continued pain, [the employer's] burden is met when [its] medical expert unequivocally testifies that it is his opinion, within a reasonable degree of medical certainty, that the claimant is fully recovered, can return to work without restrictions and that there are no objective medical findings which either substantiate the claims of pain or connect them to the work injury." *Udvari v. Workers' Compensation Appeal Board (USAIR)*, 705 A.2d 1290, 1293 (Pa. 1997). The employer's medical expert is not required to use the exact words "full recovery" when giving an opinion as long as his testimony is unequivocal and is synonymous with a full recovery. *Callahan v. Workers' Compensation Appeal Board (Bethlehem Steel Corporation)*, 571 A.2d 1108, 1111 (Pa. Cmwlth. 1990). Where the employer establishes that all disability related to the work injury has ceased, the employer is not required to establish work availability. *Laird v. Workers' Compensation Appeal Board (Michael Curran & Associates)*, 585 A.2d 602, 603 (Pa. Cmwlth. 1991).

Claimant contends that there is no evidence in the record to support a termination of benefits because Dr. Fras did not specifically examine Claimant for lumbar radiculopathy. However, Dr. Fras unequivocally stated that Claimant had fully recovered from her work injury. Contrary to Claimant's assertion, it is clear from Dr. Fras' testimony that he considered whether Claimant suffered from lumbar

8

radiculopathy in rendering his opinion and that he concluded, based on Claimant's medical history, Claimant's medical records, and his physical examination of Claimant, that because there were no objective medical findings to substantiate her claim of suffering from lumbar radiculopathy, Claimant had fully recovered from any work injury. *Udvari*.

The WCJ credited the testimony of Dr. Fras and rejected the testimony of Claimant and Dr. McCoy. It is a fundamental principle of workers' compensation law that the WCJ is the final arbiter of witness credibility and evidentiary weight. *Hoang v. Workers' Compensation Appeal Board (Howmet Aluminum Casting, Inc.)*, 51 A.3d 905, 909 n.7 (Pa. Cmwlth. 2012). The WCJ may accept or reject, in whole or in part, the testimony of any witness. *Id.* A WCJ's credibility and evidentiary determinations are binding on appeal unless made arbitrarily and capriciously. *Casne v. Workers' Compensation Appeal Board (STAT Couriers, Inc.)*, 962 A.2d 14, 19 (Pa. Cmwlth. 2008). The credible testimony of Dr. Fras constitutes substantial evidence to support the WCJ's determination. Employer met its burden of proving that Claimant's disability has ceased through the unequivocal medical testimony of Dr. Fras, and, thus, the WCJ did not err in granting Employer's termination petition. *Campbell*; *Koszowski*.

Accordingly, we affirm.[4]

_____

PATRICIA A. McCULLOUGH, Judge

---

[4] Claimant also asserts that the WCJ failed to make a finding that she has completely recovered and that Employer failed to show job availability. However, Claimant failed to raise these issues on appeal to the Board, and, thus, they are waived. *Wheeler v. Workers' Compensation Appeal Board (Reading Hospital and Medical Center)*, 829 A.2d 730, 734 (Pa. Cmwlth. 2003) ("[A]n issue is waived unless it is preserved at every stage of the proceeding."). Even if not waived, the WCJ specifically credited Dr. Fras' testimony that Claimant had fully recovered from her work injury, (WCJ's Finding of Fact No. 11), the WCJ made findings that Claimant had fully recovered, (WCJ's Findings of Fact Nos. 12-13), and proof of job availability is not a requirement in a termination proceeding. *Campbell*. The cases that Claimant cites in support of these arguments relate to suspension, rather than termination, of benefits.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Barbara Martin,                                      :
                    Petitioner                       :
                                                     :    No.  305 C.D. 2014
          v.                                         :
                                                     :
Workers' Compensation Appeal                         :
Board (Bureau of Corrections),                       :
                    Respondent                       :

## *ORDER*

AND NOW, this 26th day of August, 2014, the January 7, 2014 order of the Workers' Compensation Appeal Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge