R. M. Friction Materials Co., Div. of Raybestos-Manhattan, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Alberta Diffenderfer, Respondents.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*John C. McFadden,* with him *Thomas F. McDevitt,* for petitioner.

*J. David Young,* for respondent, submitted on briefs.

OPINION BY JUDGE WILKINSON, JR., June 23, 1980:

This is an appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's award of attorney's fees. Petitioner (employer) limited its appeal to this Court to the contention that the Board committed errors of law in concluding that the employer's contest was unreasonable

and in affirming the award of attorney's fees. We remand.

The employee worked in the employer's plant for almost 30 years; his last day at work was July 31, 1974. The employee filed his claim petition on December 5, 1974, claiming that he was totally disabled from asbestosis. Asbestosis is a compensable occupational disease under Section 108(1) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended*, 77 P.S. §27.1(1). During the pendency of his claim for compensation, the employee died as a result of asbestosis. The employee's widow thereafter filed a fatal claim petition. A hearing on the two petitions was held before the referee on May 26, 1976. The widow and the decedent's physician, a pulmonary disease specialist, testified; the employer offered no witnesses. The medical evidence included extracts from the records of Lancaster General Hospital gathered during periods of services rendered to the decedent between October 22, 1974 and May 19, 1975. The referee found that the decedent's total disability from July 31, 1974 to May 19, 1975 and his death were due to the occupational disease asbestosis. The referee awarded the widow lifetime compensation the decedent would have received and survivor benefits. Having found that the employer's contest was unreasonable, the referee also awarded, over and above those compensation awards, attorney's fees in the amount of 20 percent of the lifetime award and attorney's fees in the amount of $2,500.00 for the death claim. The employer's appeal to the Board concerned only the imposition of the attorney's fees, and the Board affirmed the awards.

Section 440 of the Act, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. §996, provides in pertinent part:

In any contested case where the insurer has contested liability in whole or in part, the employe . . . in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee . . . Provided, That cost for attorney's fees may be excluded when a reasonable basis for the contest has been established. . . .

The employer here contends that the Board committed an error of law in concluding that its contest was unreasonable. The question of the reasonableness of the employer's contest

goes beyond the mere finding of facts. It is a legal conclusion that must be arrived at based on the facts as found by the referee, if supported by substantial evidence, and the record. The scope of review of the Board and this Court, therefore, is to review the conclusion made by referee to see if an error of law has been committed.

*Hartman v. Workmen's Compensation Appeal Board,* 17 Pa. Commonwealth Ct. 609, 614, 333 A.2d 819, 822 (1975).

Upon our review of the record, we have no trouble concluding that the record reveals no reasonable basis for a contest. The employer offered no medical testimony. We have previously held that a contest is unreasonable where no conflicting medical testimony was presented regarding the "contested" issues of the claimant's disability and his continued treatment for an injury. *Edmond v. Workmen's Compensation Appeal Board,* 43 Pa. Commonwealth Ct. 458, 402 A.2d 715 (1979); *Redman Industries, Inc. v. Workmen's Compensation Appeal Board,* 41 Pa. Commonwealth Ct. 365, 399 A.2d 164 (1979). Further, there is substantial evidence in the record to support the referee's

finding that all of the medical information concerning the decedent was available to the employer prior to the date set for the hearing on the claims.

The employer also argues that it was an error of law to affirm the award of attorney's fees in the two claims. In construing Section 440 of the Act, this Court has repeatedly held that the award of attorney's fees is the rule and their exclusion is to be applied in cases where the record establishes that the employer's or carrier's contest is reasonably based. *Cavanaugh v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 495, 413 A.2d 442 (1980). Since we have concluded that substantial evidence is in the record to support the finding that no reasonable basis existed for the contest, we are bound to uphold the award of attorney's fees.

Finally, the employer contends that the amount of attorney's fees awarded in the instant case constituted an error of law. This Court has stated that an award of attorney's fees of 20 percent of a workmen's compensation award is reasonable per se. *Redman Industries, supra; Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa. Commonwealth Ct. 39, 342 A.2d 810 (1975). Our consideration of the issue does not stop there, however. In construing Section 440 of the Act, we also stated in *Leuschen, supra,* that the question of what is a ''reasonable sum'' for attorney's fees includes factual queries and that the determination of what are reasonable attorney's fees ''depends on the amount and degree of difficulty of the work performed by the claimant's attorney.'' 21 Pa. Commonwealth Ct. at 43, 342 A.2d at 814. In the instant case we face a record offering no hints as to the amount and degree of difficulty of the work the attorney put in for either the lifetime claim or the death claim. Under such circumstances we are unable to reach any conclusion as to the reasonableness of the

substantial amount of attorney's fees and must remand the record to the Board for a further remand to the referee for specific findings upon which an award of attorney's fees may be based.

Accordingly, we will enter the following

ORDER

AND Now, June 23, 1980, the order of the Workmen's Compensation Appeal Board, docketed to No. A-75305/ C.C. A-75304, dated February 1, 1979, affirming the award of attorney's fees, is vacated and the record in the above captioned case is remanded to the Workmen's Compensation Appeal Board for a further remand to the referee for specific findings upon which an award of attorney's fees may be based.