592 A.2d 358

John EUGENIE, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(SHELTERED EMPLOYMENT SERVICE and
Workmen's Insurance Fund), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 18, 1991.

Decided May 14, 1991.

52

Joseph R. Livesey, Philadelphia, for petitioner.

Louis S. Schwartz, Collingdale, for respondents.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

KELLEY, Judge.

John Eugenie, by his guardian Barbara Whalen (claimant), appeals an order of the Workmen's Compensation Appeal Board, which reversed in part and modified in part a referee's decision awarding claimant's counsel a twenty percent attorney's fee, as well as a twenty percent penalty on past due benefits, pursuant to Sections 440 and 442 of The Pennsylvania Workmen's Compensation Act.[1]

Claimant, while employed as a messenger by Sheltered Employment Service (employer), sustained a severe brain injury as a result of a work-related fall on July 27, 1984. During the next four years, claimant was cared for by his sister and guardian, Barbara Whalen. Employer paid compensation benefits and medical expenses, but would not agree that claimant required confinement to a special care facility for brain damaged persons, as requested by Whalen.

On November 19, 1987, claimant filed a claim petition, requesting that employer be required to pay claimant's costs in a special care facility. Several hearings were held throughout 1988 at which no testimony was taken. The only evidence submitted was a deposition by claimant's psychiatrist, Dr. Harold Byron, who opined that confinement in a special medical care facility was necessary due to claimant's injury. Employer failed to answer the claim petition and submitted no evidence, but was present with counsel at the hearings and requested and was granted three continuances.

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 996, 998.

The referee, on December 2, 1988, accepted the testimony of Dr. Byron and found that claimant had established by sufficient evidence the need for institutional care and ordered defendant to pay for such care.[2] The referee also found that employer had not established a reasonable basis for contesting the petition and directed that employer pay claimant's attorney's fee of twenty percent, plus a twenty percent penalty on past due benefits.[3]

Employer appealed only those portions of the award dealing with the penalty and attorney's fees, contending that the penalty was inappropriate because there were no past due benefits on which to calculate it. Employer also argued that the award of a twenty percent attorney's fee was unduly vague and incalculable, since the entire award was prospective, and that the award was unreasonable as it was disproportionate to the services rendered by claimant's counsel.

The board found that the penalty award was improper, agreeing that there could be no penalty based on past benefits because no past benefits had been awarded, also finding that claimant had not requested penalties and that no penalty hearing was conducted. The board agreed that the contest was unreasonable, but decided that attorney's fees in the amount of twenty percent of the award for the life of the claimant would be unconscionable.[4] The board then modified the fee award to twenty percent of the award for a twelve-month period.

■ The sole subject of this appeal is the twenty percent attorney's fees. Claimant argues that since the finding of

2. Finding of Fact Nos. 5, 6, Conclusion of Law No. 2.

3. Conclusion of Law No. 3.

4. Claimant's award was for the cost of care in a special care facility, for so long as that may be required, which presumably would be for the life of the claimant. The present cost of such care is $4,700 per month, which, as the Board pointed out, could be expected to increase in the future. The attorney's fee, therefore, would amount to some $11,000 per year, presumably increasing as time goes on for the life of the claimant.

no reasonable contest has not been disturbed, the award of twenty percent is *per se* reasonable, and the board had no authority to modify it. Claimant also argues that employer has waived any challenge to the attorney's fees, since it was not raised before the referee.

■ Initially, we will address the arguments of both parties concerning waiver. The reason that the issue of counsel fees must be raised before the referee is to give the employer an "opportunity to present a defense by way of legal argument or countervailing evidence." *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa.Commonwealth Ct. 142, 510 A.2d 147 (1986). *See also MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.)*, 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988).

Since no evidentiary hearings were held in this case, the record before us is sparse. Employer argues that claimant's request for counsel fees was ineffective, since it was made after the evidentiary record was closed. In a letter from the referee to the parties, dated October 25, 1988, the referee stated that the case was now closed to evidence, that claimant had already submitted a proposed order, and that defendant had until November 1, 1988 to submit proposed findings.[5] It is therefore unclear whether claimant's request came before the evidentiary record was closed. Given the fact that no evidentiary hearings were held in this case, however, we believe that a request, even at this late date, was sufficient to put employer on notice.

■ Additionally, the employer did not challenge the award of fees before the board, but merely the method in which they are calculated.[6] Employer has therefore waived a challenge to the award of fees, but properly preserved the question of the amount.

Section 440 of the Act provides for an award of "a reasonable sum ... for attorney's fees" in addition to the

5. Reproduced Record (R.) at 3a.
6. Employer's appeal from referee alleging error of law, R. at 7a.

award for compensation where no reasonable basis for a contest has been established. Section 442 of the Act provides that "[a]ll counsel fees, agreed upon by claimant and his attorneys ... shall be approved by the referee or the board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded."

We have held that the question of what constitutes a "reasonable sum" is ultimately a question of law. *Workmen's Compensation Appeal Board v. Leuschen*, 21 Pa.Commonwealth Ct. 39, 342 A.2d 810 (1975). In *Leuschen*, the claimant was found to be totally disabled and awarded compensation in the amount of $100 per week, in addition to medical expenses totalling $1936.[7] The referee awarded attorney's fees of $828, calculated on twenty percent of the claimant's award. The board, however, reduced the fees to $500, basing the reduction on the fact that the claimant had been receiving insurance payments from his employer during the period. The Court held that this fact had no relevance to the determination of what constituted a "reasonable fee" and reversed the board. Significantly, however, the Court also stated that "[s]uch a determination depends on the amount and degree of difficulty of the work performed by the claimant's attorney and ... has already been made by the legislature which established as reasonable a rate not exceeding 20 percent of the amount awarded." *Id.*, 21 Pa.Commonwealth Ct. at 43, 343 A.2d at 814.

To reach this result, the *Leuschen* court read Section 440 in conjunction with Section 442, finding that "these two sections, when read together, make it clear that an award of attorney's fees of 20 percent of an award, or less, has been legislatively declared to be reasonable per se." *Id.*, 21 Pa.Commonwealth Ct. at 43, 343 A.2d at 813.

While *Leuschen* has been followed by this Court, a later decision by our Supreme Court distinguishing the purposes

7. Since the claimant in *Leuschen* had returned to work, the compensation award was for a finite period.

of Sections 440 and 442 have given us cause to reconsider the correctness of *Leuschen.*

In *Firestone Tire & Rubber Co. v. Workmen's Compensation Appeal Board,* 41 Pa.Commonwealth Ct. 601, 399 A.2d 1176 (1979), a divided panel of this Court continued the merger of Sections 440 and 442 by limiting a Section 440 award solely to recoupment of costs as provided in Section 442. The Supreme Court reversed, stating:

> Our examination of these two separate statutory sections leads us to believe they serve different purposes. Section 442 evidences a legislative intent of protecting claimants against unreasonable fees charged and imposed on them by their attorneys under their own improvident fee agreements.... Section 440, on the other hand, shows a legislative intent of protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the act....

*Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 521, 442 A.2d 242, 244 (1982). We now believe that *Weidner* also modifies *Leuschen* to the extent that it may be read to mandate a twenty percent fee in Section 440 cases.

This case, like *Leuschen* and *Weidner,* is a Section 440 case. The purpose of awarding attorney's fees in this type of case is to protect claimants from unreasonable contests by an employer, and the award of attorney's fees serves both to discourage such contests and to encourage competent legal representation of these claimants. The fee, however, is limited by the express language of Section 440 to a "reasonable sum." When such a sum is related to the work actually done by the attorney, the purpose of the section is served. We do not, however, believe that Section 440 was intended to authorize what in effect would amount to punitive damages in favor of claimant's counsel in a case such as this.

In construing *Leuschen,* we have held that "the question of what is a 'reasonable sum' for attorney's fees includes

factual queries and that the determination of what are reasonable attorney's fees 'depends on the difficulty of the work performed by claimant's attorney.'" *R.M. Friction Materials Co. v. Workmen's Compensation Appeal Board*, 52 Pa.Commonwealth Ct. 279, 415 A.2d 965 (1980). In that case, we faced "a record offering no hints as to the amount and degree of difficulty of the work the attorney put in" and were "unable to reach any conclusion as to the reasonableness of the substantial amount of attorney's fees...." *Id.*, 52 Pa.Commonwealth Ct. at 284, 415 A.2d at 967. The case was remanded for specific findings upon which an award of attorney's fees may be based.

In another case, we remanded for specific findings on the work performed by the attorney where the record did not reflect the amount and degree of difficulty of the work performed. *Wommer v. Workmen's Compensation Appeal Board (Lycoming County)*, 84 Pa.Commonwealth Ct. 275, 479 A.2d 661 (1984).

 Claimant relies on the legislative declaration of reasonableness of a twenty percent fee agreement. We do not dispute this declaration as it applies to Section 442. We have, however, stated that in appropriate circumstances, a Section 440 award may be greater than the amount the claimant would have to pay if a reasonable contest had been presented. *Wommer* at 279, 479 A.2d at 661. Similarly, we believe that in appropriate circumstances, Section 440 may require attorney's fees in an amount less than twenty percent of the award, if the record shows that twenty percent would be unreasonable.

Nearly a century ago, our Supreme Court stated:

The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved ... are necessarily greater

than ours, and its judgment should not be interfered with except for plain error.

*Good's Estate*, 150 Pa. 307, 24 A. 623 (1892).

■ Under the Act, the referee is given the authority in the first instance to determine what constitutes a reasonable fee. In doing so, the referee may, of course, take into account any fee agreement between the attorney and claimant, the legislative declaration of reasonableness, as well as the other factors discussed in our cases. His finding is a conclusion of law and is reviewable by the Board and by this Court.

In this case, however, there is no finding of reasonableness. The referee found only that "[c]laimant has a fee agreement with his attorney calling for 20% of the Award to be paid for attorney fees." [8] The board limited the fee award to twenty percent of the costs for a twelve month period, which, in the board's opinion, was "reasonable." This the board cannot do. Because there was no factual record developed by the referee and the board did not take additional evidence, we find that the order of the board must be vacated and this case remanded for further proceedings consistent with this opinion.

## ORDER

NOW, this 14th day of May, 1991, the order of the Workmen's Compensation Appeal Board, No. A–97900, dated April 30, 1990, is vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

BLATT, Senior Judge, dissenting.

Although I agree with the majority's conclusion that the Board improperly placed a cap of 12 months on the attorney's fee, I do not believe that a remand is necessary. Instead, I would prefer that the Board be reversed. I must, therefore, respectfully dissent.

8. Finding of Fact No. 7, R. at 5a.

The referee found that a fee agreement for 20% of the award existed between the claimant and her counsel. As the majority acknowledges, a 20% fee agreement is "reasonable per se" under Section 442 of the Act.[1] *Workmen's Compensation Appeal Board v. Leuschen,* 21 Pa.Commonwealth Ct. 39, 342 A.2d 810 (1975). Consequently, I believe that nothing more was required of the referee than his finding of fact that such an agreement existed.

The majority evidently believes, however, that this standard of reasonableness is inapplicable under Section 440 of the Act.[2] Its reasoning as to what constitutes a "reasonable sum for costs incurred for attorney's fee" under Section 440 does no less than establish a double standard as to what is "reasonable" based merely upon who is paying the bill, the claimant or the employer.

If, in this case, the claimant were paying her attorney's fee, there would be no question that this fee agreement is reasonable. However, because the employer is responsible for this fee as a result of its unreasonable contest of the claim, the majority evidently believes that the purpose of Section 440 is best effectuated by applying a different standard.

The majority attempts to justify this position by characterizing the amount of money involved here as punitive in nature, rather than serving the purpose of this section by "protecting claimants against unreasonable contests of a claimant's initial or continuing right to the benefits of the act ..." *Weidner v. Workmen's Compensation Appeal Board,* 497 Pa. 516, 521, 442 A.2d 242, 244 (1982). Essentially, Section 440 was enacted by the legislature to ensure that claimants would incur no obligations because an em-

1. The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by Section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 998.

2. 77 P.S. § 996. Section 440 provides in part that where an employer unsuccessfully contests its liability for a claim, the claimant "shall be awarded ... a reasonable sum for costs incurred for attorney's fee" unless the employer establishes a reasonable basis for the contest.

ployer unreasonably contested a claim. Here, when faced with an unreasonable contest of her claim, the claimant incurred the reasonable per se obligation for attorney's fees of 20% of the entire award. It is from this type of obligation that Section 440 was intended to protect a claimant by ensuring that the contesting party would be responsible for *all* attorney's fees.

Addtionally, I feel that I must address the conflicts and possible consequences of the majority's interpretation of Section 440. If, upon remand, the referee finds that a "reasonable sum" under Section 440 is less than the 20% agreed upon by the claimant and her attorney, the referee, by making such a finding, has effectively disapproved a fee agreement which the legislature has deemed reasonable per se under Section 442. It seems clear to me that a referee does not have this authority.

Alternatively, however, if both Section 440 and 442 are given effect as the majority interprets them, the claimant's attorney would still have an enforceable fee agreement with the claimant. Because this agreement provides that her attorney is entitled to 20% of the entire award, the claimant would be responsible for paying that portion of her attorney's fee which the employer does not pay under Section 440. The claimant would then become obligated to pay attorney's fees to defend an unreasonable contest to her right to benefits, and the purpose of Section 440 would be defeated.