633 A.2d 651

**MEDIQ, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(Maryanne STESKAL), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 16, 1992.

Decided April 16, 1993.

Publication Ordered Nov. 9, 1993.

2

James F. Pearn Jr., for petitioner.

Allen M. Metzger, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

FRIEDMAN, Judge.

Mediq, Inc. (Employer) petitions for review of an order of the Workmen's Compensation Appeal Board (WCAB) affirming a referee's decision and order which, among other things, dismissed Employer's petition for termination, suspension or modification and ordered Employer to pay quantum meruit counsel fees of $11,000 to Claimant's attorney. We affirm in part and reverse in part.

Employer does not challenge the referee's findings of fact. On July 28, 1987, Maryanne Steskal (Claimant) suffered a work-related injury to her right thumb in the course of her employment as a labeler and assembly belt worker for Employer. (Referee's Findings of Fact Nos. 1 and 2.) Claimant testified that, at the time of the hearings in this matter, she continued to suffer chronic pain and swelling, despite surgery, physical therapy, and medication. (R.R. at 192a–202a.) Neither Employer's evaluating physician nor Claimant's treating physician has ever cleared Claimant to return to work at her former position. (Referee's Finding of Fact No. 6.)

Employer accepted liability for Claimant's injury and issued a notice of compensation payable on August 11, 1987. On March 16, 1989, however, Employer filed a petition for termination, suspension or modification of benefits on grounds that "Claimant's disability referable to the work incident of 7/28/87 has resolved to the point whereby she can return to alternative work offered by the employer at the same or similar wage as the pre-injury wage." (R.R. at 1a.) Claimant's answer denied that she had recovered from her disability.

At a hearing before the referee, Employer offered the deposition testimony of its evaluating physician, Dr. Stephen I. Cash. Dr. Cash examined Claimant on November 30, 1988

and February 22, 1989 and believed she could return to work in a light duty capacity. (Referee's Finding of Fact No. 8.) Dr. Cash testified that he had previously approved a security guard position which Employer offered to Claimant but later withdrew his approval after discussing with Claimant the possibility that she would have to engage in physical confrontation with intruders. (Referee's Finding of Fact No. 9.) On March 21, 1989, Dr. Cash approved a similar job entitled "door monitor." (Referee's Finding of Fact No. 10.) However, this was five days *after* Employer filed its petition for termination, suspension or modification. To rebut Employer's evidence, Claimant offered the deposition testimony of her treating physician, Dr. Jerry A. Ginsberg. Dr. Ginsberg approved neither the security guard position nor the door monitor position because they were essentially the same job and both involved the possibility of physical confrontation with intruders. (Referee's Findings of Fact Nos. 9, 12.)

Employer also offered the deposition testimony of Meredith S. Barrett, a rehabilitation nurse. Barrett testified that she prepared a written description of the "door monitor" position for Employer. She further stated that she described the job "in great detail" in a telephone conversation with Claimant and told Claimant Dr. Cash had approved the position. (Referee's Findings of Fact Nos. 10 and 13). Claimant, however, testified she never received any notice of a position entitled "door monitor" and that Barrett described only the "security guard" position. (R.R. at 196a–197a.)

The referee made the following relevant conclusions of law:

3. Defendant has failed to carry its burden of proving that alternative work was available to Claimant, and thus its prayers for suspension and modification should be denied.

6. For the reasons stated in Finding of Fact 15,[1] [Employer's] contest of Claimant's petition was unreasonable,

1. Finding of Fact No. 15 provides:

Although [Employer] filed the within Petition for Termination, Suspension or Modification on March 16, 1989, it never attempted to prove that Claimant's compensation should be terminated, and it did

and thus part of Claimant's counsel fee must be paid by Defendant as a cost of litigation under Section 440 of the Pennsylvania Workmen's Compensation Act. The Referee has assessed the value of Claimant's counsel's services at $11,000.00 on a quantum meruit basis.

Accordingly, the Referee dismissed Employer's petition and ordered Employer to pay $11,000.00 directly to Claimant's counsel. The WCAB affirmed.

On appeal,[2] Employer contends (1) that the referee erred in Conclusion of Law No. 3 because Employer met its burden of proving that alternative work was available; and (2) that imposition of attorney fees was improper.[3]

 In order to suspend or modify claimant's benefits, employer has the burden of proving not only that work is available to claimant, *Rogers Motor Lines v. Workmen's Compensation Appeal board (Baker)*, 144 Pa.Commonwealth Ct. 493, 601 A.2d 934 (1992); *Four–Way Construction Company v. Workmen's Compensation Appeal Board*, 113 Pa.Commonwealth Ct. 235, 536 A.2d 873 (1988), but also that employer notified claimant of the open job. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). To comply with this notice requirement, employer must, at the very least, provide claimant or her counsel with a *general job classification and a basic job description. Four–Way Construction Company v. Work-*

not have evidence that a *medically approved* alternative position was available to Claimant until March 21, 1989.

**2.** Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law committed, or findings of fact are not supported by substantial evidence. *St. Joe Resources v. Workmen's Compensation Appeal Board (Borkovic)*, 142 Pa.Commonwealth Ct. 265, 597 A.2d 226 (1991).

**3.** Claimant contends that Employer's brief raises a number of issues which have been waived. However, we find no merit in this contention. Claimant's brief attempts to re-characterize arguments Employer offers in support of its position as newly-raised "issues." We find, however, that throughout the appellate proceedings in this case, Employer consistently raised the same three issues and that its brief makes appropriate arguments with respect to each issue.

*men's Compensation Appeal Board (Snyder),* 113 Pa.Commonwealth Ct. 235, 536 A.2d 873 (1988).

■ Employer asserts that because Ms. Barrett testified she discussed the "door monitor" position with Claimant "in great detail" Claimant received sufficient notice of a position available to her. Claimant, on the other hand, asserts that a general statement by Ms. Barrett that she discussed the job in detail with Claimant is insufficient to establish that Claimant received proper notice of the available position.

We agree with Claimant that Barrett's testimony is insufficient to establish that Barrett actually provided claimant with a general job classification and a basic job description as required by *Four–Way Construction.* Barrett never testified as to exactly what she told Claimant about the position; there is no evidence indicating that she described the job duties or into what occupational category the job fell. We are left to guess what she meant by "great detail." Thus, Conclusion of Law No. 3 was not error.

■ Employer also argues that the referee should not have awarded attorney fees because Employer's contest was reasonable and because Claimant did not request attorney fees on the record. We need not consider the reasonableness of Employer's contest because we agree with Employer that even if its contest was unreasonable, Claimant's failure to request attorney fees on the record negates any entitlement to the award.

■ Section 440 of The Pennsylvania Workmen's Compensation Act[4] provides that a claimant shall be awarded a reasonable sum for the cost of attorneys fees unless the Employer establishes a reasonable basis for contesting claimant's claim. However, a referee may not *sua sponte* award attorneys fees to a claimant who has failed to request them. *MacNeill v. Workmen's Compensation Appeal Board (Denny's, Inc.),* 120 Pa.Commonwealth Ct. 320, 548 A.2d 680 (1988). The issue of counsel fees must be raised before the referee in

4. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.

order to give employer the "opportunity to present a defense by way of legal argument or countervailing evidence." *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 55, 592 A.2d 358, 360 (1991) (quoting *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa.Commonwealth Ct. 142, 145, 510 A.2d 147, 148 (1986)).

Although Claimant never requested attorney fees on the record, Claimant argues that she made a timely request for attorney fees in the written memorandum of law she submitted to the referee after the evidentiary record was closed. Claimant relies on *Eugenie*, in which we determined that a claimant timely requested counsel fees even though employer argued the request was made after the evidentiary record was closed. However, *Eugenie* is distinguishable from this case for a number of reasons. In *Eugenie*, there were no evidentiary hearings. The referee informed the parties by letter that the case was closed, and, in fact, it was unclear whether Claimant's request came before or after the evidentiary record was closed. By contrast, in the case before us, there were evidentiary hearings, at the end of which the following exchange occurred between Claimant's counsel and the referee:

REFEREE: Anything else in the Claimant's case?

MR. METZGER: That would complete our case, other than getting the notes of testimony.

(R.R. at 204a.) Claimant forfeited a perfect opportunity to request attorney fees.

The referee then announced on the record and in the presence of counsel that the case was closed and instructed counsel to submit memoranda of law within a prescribed time.[5] (R.R. at 205a.) It was in this memorandum that Claimant raised attorney fees for the first time. After the close of the evidence, employer has lost all opportunity to present a defense by way of countervailing evidence and subsequent legal argument, *Eugenie*. Accordingly, we hold that a first-time

---

5. The referee referred to the requested memoranda as "written jury arguments."

8

request for attorney fees in a post-trial memorandum fails to preserve such issue for appellate review.

For the above reasons, we affirm the WCAB as to the dismissal of Employer's petition for termination, suspension or modification and reverse as to the order directing Employer to pay attorney fees.

## ORDER

AND NOW, this 16th day of April, 1993, the order of the Workmen's Compensation Appeal Board, dated November 22, 1991, is affirmed as to the dismissal of Employer's petition for termination, suspension or modification and reversed as to the order directing Employer to pay attorney fees.