630 A.2d 489

**Joseph P. FRANK, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SUNRISE SUNOCO), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1993.

Decided Aug. 3, 1993.

Merle S. Kramer, for petitioner.

Thomas D. Gladden, for respondent.

Before PALLADINO and PELLEGRINI, Judges, and NARICK, Senior Judge.

PALLADINO, Judge.

Joseph P. Frank (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed the decision of the referee awarding Claimant's attorney, Merle S.

Kramer (Attorney), $1,000.00 in attorney's fees, instead of $1,955.10 as requested by Attorney. We affirm.

On May 25, 1989, Claimant sustained a low-back injury while working for Sunrise Sunoco (Employer). Thereafter, Claimant received total disability benefits under a notice of compensation payable. On August 6, 1990, Employer filed a petition for suspension or modification, and requested supersedeas.

The referee held two hearings on Employer's petition. At the first hearing, on October 12, 1990, the referee denied Employer's request for supersedeas. At the second hearing, on August 27, 1991, Employer withdrew its petition. Attorney then requested attorney's fees for unreasonable contest, pursuant to Section 440 of The Pennsylvania Workmen's Compensation Act (Act).[1] In support of her request, Attorney presented the referee with a "statement of services rendered on behalf of Claimant" and a "statement of difficulty of work performed by Claimant's attorney". Claimant's Exhibit No. 5. In the latter statement, Attorney requested attorney's fees in the amount of $1,955.10, which was equal to twenty percent of the benefits received by Claimant from September 13, 1990, the date that Claimant retained Attorney, to August 27, 1991, the date that Employer withdrew its petition.

In his decision, the referee concluded that Employer's contest was unreasonable. Employer has not appealed that conclusion. As to Attorney's request for $1,955.10 in attorney's fees, the referee made the following finding of fact:

9. With respect to the assessment of counsel fees, claimant's attorney submitted Exhibit "5" which enumerates the

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 996, which states, in pertinent part:

> [i]n any contested case where the insurer has contested liability in whole or in part, the employe or his dependent, as the case may be, in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings: Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established ...

services performed, the times used for their performance, and a description thereof. Also, pertinent is the contingent-fee agreement (Exhibit "4") wherein an hourly rate of $85.00 was agreed upon under certain circumstances (see paragraph 7 therein).[2]

10. A reasonable attorney's fee of $1,000.00 is approved for assessment against employer under the facts and circumstances of this case. Claimant did not testify; no deposition was taken; the only witness was Ms. Williams, a rehabilitation coordinator, who testified for employer and whose testimony did not sustain employer's burden of proof; no competent or admissible medical evidence was adduced; only two hearings were scheduled and held; and the burden of proof was on the employer.

Claimant appealed to the Board which affirmed. In general, the Board concluded that the referee had the authority to determine what constituted a reasonable attorney's fee, that the referee exercised that authority in his tenth finding of fact, and that such finding of fact was supported by substantial competent evidence.

■ On appeal to this court,[3] the sole issue presented is whether the referee erred in reducing the amount of attorney's fees requested by Attorney.

In *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Commonwealth Ct.

2. Paragraph 7 states:
   In any case, where the efforts of my attorneys produce a result favorable to me as a claimant, but where no award of compensation is made such as in cases of termination or suspension, I agree that my said attorneys shall receive a fee of *$85.00* per hour for their efforts on my/our behalf, said sum being a reasonable fee for services rendered.
   (Emphasis in original.)

3. Our scope of review is limited to determining whether an error of law was committed, whether findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

51, 57–59, 592 A.2d 358, 361–62 (1991), we stated that attorney's fees in an unreasonable contest case were:

limited by the express language of Section 440 to a "reasonable sum." When such a sum is related to the work actually done by the attorney, the purpose of the section is served ... Nearly a century ago, our Supreme Court stated: "The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance. Its opportunities of judging the exact amount of labor, skill and responsibility involved ... are necessarily greater than ours, and its judgment should not be interfered with except for plain error." Good's Estate, 150 Pa. 307, 24 A. 623 (1892). Under the Act, the referee is given the authority in the first instance to determine what constitutes a reasonable fee. In doing so, the referee may, of course, take into account any fee agreement between the attorney and claimant, the legislative declaration of reasonableness, as well as the other factors discussed in our cases. His finding is a conclusion of law and is reviewable by the Board and by this Court.

Moreover, the *Eugenie* court concluded that "in appropriate circumstances, Section 440 may require attorney's fees in an amount less than twenty percent of the award, if the record shows that twenty percent would be unreasonable." *Id.* at 58, 592 A.2d at 362. *See also Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa.Commonwealth Ct. 56, 63, 602 A.2d 446, 449 (1992) ("An award of 20% of the compensation is not reasonable *per se* for purposes of Section 440 simply because that is the fee agreement between a claimant and his attorney for ordinary counsel fees for handling the case. *Eugenie*.").

In *Bandos v. Workmen's Compensation Appeal Board (Pennbrook Corporation)*, 149 Pa.Commonwealth Ct. 199, 611 A.2d 374 (1992), the referee limited attorney's fees, on a quantum meruit basis, to $2,500.00. The claimant appealed and the Board affirmed. On appeal to this court, the claimant argued that the referee lacked authority to limit attorney's fees under Section 440 to less than twenty percent of all

compensation awarded, as agreed to by the claimant and his attorney. We affirmed on the basis of *Eugenie* and concluded that the amount of attorney's fees "may be less than the amount claimant would have to pay if there was a reasonable contest." *Id.* at 201–202, 611 A.2d at 376.

In the present case, Claimant argues that the referee must award $1,955.10 in attorney's fees since Attorney's statements of services rendered and difficulty of work performed were uncontradicted. We disagree. As factfinder, the referee concluded that $1,000.00 was a reasonable attorney's fee based on the limited amount of work Attorney had to perform. Under *Eugenie* and its progeny, the referee here was clearly authorized to make such a conclusion, and we cannot say that the referee's conclusion constitutes "plain error".

Accordingly, we affirm the order of the Board.

## ORDER

AND NOW, August 3, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

PELLEGRINI, Judge, dissenting.

I respectfully dissent. The majority affirms the Referee's reduction in counsel fees to be paid by the Employer because of an unreasonable contest from $1,955.10, which was equal to 20% of the benefits received by the Claimant from when he retained his attorney, until the date the Employer withdrew its suspension petition. In Finding of Fact No. 10, the Referee explained the reduction of the fee request as follows:

A reasonable attorney's fee of $1,000.00 is approved for assessment against employer under the facts and circumstances of this case. Claimant did not testify; no deposition was taken; the only witness was Ms. Williams, a rehabilitation coordinator, who testified for employer and whose testimony did not sustain employer's burden of proof; no competent or admissible medical evidence was adduced;

only two hearings were scheduled and held; and the burden of proof was on the employer.

The majority relies on our decision in *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 140 Pa.Commonwealth Ct. 51, 592 A.2d 358 (1991), where we held that fees for an unreasonable contest were limited to a "reasonable sum" and that an amount could be less than 20% of compensation that is normally awarded pursuant to Section 442 of The Pennsylvania Workmen's Compensation Act (Act),[1] if that amount were shown to be unreasonable. In *Eugenie*, we also held that it was within the Referee's fact-finding function to determine the amount of counsel fees the Employer is required to pay. The majority holds that the Referee's finding awarding $1,000.00 was within his fact-finding function, not plain error, and affirmed.

I would, however, reverse the Referee's order because the Referee based his determination on counsel fees largely because the hours spent were "easy" due to the complete failure of the Employer at the hearing to offer any evidence that would sustain its petition. Easy or not, Claimant's attorney was still required to spend time attending hearings and in preparing the defense of Employer's petition. That time should be compensated.

The fee agreement between Claimant and his counsel establishes that if there was a favorable result but no compensation awarded, a fee of $85.00 per hour would be paid. Claimant's attorney introduced evidence that he spent 17.15 hours in defense of Employer's petition. Because the Employer did not contest the claim for fees at all, neither the reasonableness of the hours worked nor the hourly rate was at issue. An employer who engages in an unreasonable contest should be required to pay at least what a claimant would be required to pay in reasonable counsel fees.

Accordingly, because any fee amount below an amount equal to the hours worked times the hourly rate would be unsupported by the evidence before the Referee, I would

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 998.

modify the Referee's award to an amount equal to $85.00 ×
17.15 hours, or $1,457.75.