# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Larry Clippinger,                                     :
                    Petitioner                        :
                                                      :    No. 948 C.D. 2015
            v.                                        :
                                                      :
Workers' Compensation Appeal                          :
Board (Department of Transportation),                 :
                    Respondent                        :
                                                      :
                                                      :
Commonwealth of Pennsylvania,                         :
Department of Transportation                          :
and Inservco Insurance Services,                      :
                    Petitioners                       :
                                                      :    No. 1053 C.D. 2015
            v.                                        :
                                                      :    Submitted: January 15, 2016
Workers' Compensation Appeal                          :
Board (Clippinger),                                   :
                    Respondent                        :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: June 8, 2016


        In these consolidated cross-appeals, Larry Clippinger (Claimant) and the

Department of Transportation (Employer) take issue with the May 20, 2015 order of

the Workers' Compensation Appeal Board (Board), which affirmed in part, vacated

in part, and reversed in part a decision of a Workers' Compensation Judge (WCJ).

## Background

The pertinent facts and procedural history of this case are as follows.[1]  In 1992, Claimant sustained a low back injury while working for Employer, specifically spinal stenosis and a herniated disc at the L4-5 region.  Claimant suffered permanent impairment from the waist down, including partial paralysis, weakness, loss of sensation, difficulty with balance, and partial bowel and bladder dysfunction.  Claimant strains to stand up, his muscles do not respond, and he does not have any feeling in his legs.  Claimant is able to walk with a cane, but he must use ankle braces if he is walking on uneven ground.  Claimant's lack of feeling in his feet make it difficult for him to transition from smooth to rough surfaces when walking.  Claimant has trouble with the start-up motion of getting out of a chair because of a lack of feeling in his legs, and he needs to grab onto a handrail until he can get his cane.

Claimant's physician recommended that Claimant obtain a therapeutic pool with a treadmill, which would allow his body to be in the water as he exercises and uses his legs.  Claimant's physician stated that the pool would help manage Claimant's pain.  He further determined that aquatic therapy is reasonable and necessary and causally related to Claimant's work injury, and he should perform aquatic therapy five days a week, one hour at a time, for the rest of his life.

In May 2008, Claimant filed a penalty petition, alleging that Employer refused to pay medical bills related to the treatment of his work injury, including bills for physical therapy and prescriptions.  Claimant also filed a petition to review medical treatment and/or billing, alleging that Employer refused to pay medical bills

---

[1] This recitation derives predominately from our opinion in *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

for the treatment of his work injury and seeking payment for the installation of an aquatic therapy pool at his home.

In September 2008, Claimant filed a utilization review (UR) request, seeking review of the reasonableness and necessity of a HydroWorx home fitness pool, which has a treadmill at the bottom, and the construction of an additional room to house it. In the UR determination, William Spellman, M.D., found that the HydroWorx home fitness pool and the construction of an additional room to house it was reasonable and necessary, but only if alternative means were not available.

Employer subsequently filed a petition for review of the UR determination, seeking review of the reasonableness and necessity of a home fitness pool and an addition to Claimant's house.

The WCJ determined that the installation of a HydroWorx home fitness pool in Claimant's home, along with the necessary renovations to install the pool, was reasonable and necessary. The WCJ also determined that Employer did not present competent medical evidence to justify its failure to pay for Claimant's prescriptions or for the installation of a physical therapy pool in Claimant's home; consequently, the WCJ awarded Claimant a 50% penalty and attorney's fees for an unreasonable contest. The Board thereafter affirmed and the matter was appealed to this Court. *Department of Transportation v. Workers' Compensation Appeal Board (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

On appeal, this Court vacated the WCJ's decision insofar as it ordered Employer to pay Claimant for a HydroWorx home fitness pool and for penalties and attorney's fees related thereto. In doing so, we noted that "[t]he WCJ made several findings that installation of an in-home pool was preferable to Claimant performing aquatic therapy at a public facility for reasons of safety, accessibility and, to some

3

extent, convenience." *Id.* at 1044.[2] However, we concluded that "these findings by themselves do not justify installation of a new in-home HydroWorx pool at Claimant's home and a new addition to house it." *Id.* at 1045.

---

[2] Specifically, the WCJ found:

> 20. [Claimant's physician] testified it is reasonable and medically necessary for a Hydrowor[x] pool to be installed in Claimant's home, rather than using a public facility, because it would provide more benefit and be safer.
>
> * * *
>
> 22. At public facilities, Claimant has difficulty navigating from where he must park his car to his destination inside the facility because of: uneven surfaces; rough and smooth surfaces; walking up a grade; distance; and, slippery conditions.
>
> 23. Public aquatic therapy facilities are busy with other patients not aware of Claimant's disabilities, creating a danger someone might bump him, or he might try to move out of the way quickly, causing a fall and severe injury[.]
>
> 24. Claimant has trouble changing his clothes in the locker room of a public facility because he can't bend normally and there is no one to assist with his socks and shoes.
>
> 25. The floor from the pool to the locker room at public facilities is sometimes wet and slippery, which places Claimant at risk of falling.
>
> 26. Aquatic therapy takes Claimant 2 1/2 to 3 hours per day to do at a public facility, including travel time.
>
> 27. Claimant has only been getting 3 sessions of aquatic therapy per week at a public facility.
>
> 28. A fitness pool in Claimant's home would benefit him more than at a public facility because he could use it more often.
>
> 29. For safety purposes, Claimant's wife would be with him when he used the Hydrowor[x] pool at home.

**(Footnote continued on next page…)**

4

Critically, this Court remanded to the WCJ for further fact-finding because the WCJ, among other things, failed to properly evaluate "the existence of alternative means." *Id.* We stressed that installation of a pool is considered to be "highly extraordinary relief." *Id.* at 1044. We determined that the pool must be an "indispensable device" and concluded that case law dictates that there be no reasonable alternative. *Id.* We also determined that the record in this case demonstrated that "a viable alternative to a new in-home pool exists," particularly the fact that Claimant has been receiving aquatic treatment three days a week at Conforti Physical Therapy (Conforti). *Id.* at 1046.

However, this Court agreed with the WCJ that Employer engaged in an unreasonable contest to the extent it refused to pay for Claimant's prescriptions and we remanded to the WCJ "for a reconsideration of the unreasonable contest attorney fee award based solely on Employer's failure to pay Claimant's prescriptions." *Id.* at 1050.

At the remand hearing, Claimant testified that he continues to take aquatic treatment at Conforti three days a week, instead of the physician-prescribed five days a week, because the pool is usually booked or scheduled. Claimant further testified that there are other pools available but he could not get into them because of his back injury. Claimant noted that there was another Conforti therapy pool close to where he lives and explained that this particular pool is a "group pool" and that there

---

**(continued…)**

> 30. If the Hydrowor[x] fitness pool were installed in Claimant's home, non-slip material could be used on the floor, together with hand-railings.

*Clippinger*, 38 A.3d at 1044 n.4.

are no safety or hand rails. Claimant stated that with the exception of Conforti, there are no pools in the immediate area that have a treadmill installed on the bottom. Nonetheless, Claimant testified that, at Conforti, he has "continually received the same treatment and [at] the same duration from 2008 through January 2013." (Reproduced Record (R.R.) at 130a-31a, 167a-68a, 170a.)

Claimant's attorney also submitted an itemized statement detailing the amount of work and attorney's fees with respect to Employer's failure to pay Claimant's prescriptions as mandated by *Clippinger*. In addition, Claimant's attorney submitted an itemized statement detailing the amount of work and attorney's fees with respect to Employer's failure to pay Claimant's physical therapy bills post-*Clippinger* for sessions that Claimant had at Conforti. (R.R. at 207a-20a.)

In a decision dated October 30, 2013, the WCJ found Claimant's testimony to be credible in its entirety. From this determination, the WCJ found that "[t]here are no reasonable alternative means for Claimant to receive adequate aquatic therapy treatment other than the installation of a physical therapy pool in Claimant's home . . . ." (WCJ's Finding of Fact at No. 88.)

The WCJ further found that Claimant's attorney's statement for *Clippinger*-related attorney's fees in the amount of $5,955.00 was overall reasonable because the attorney has significant experience in workers' compensation matters; the hourly rate of $150.00 is "eminently reasonable;" and the 39.7 hours expended for litigating Claimant's unpaid prescriptions was reasonable given the multiple medications and payments at issue. (WCJ's Finding of Fact at No. 90.) Similarly, the WCJ found that Claimant's attorney's fees for unpaid physical therapy bills at Conforti, post-*Clippinger*, in the total amount of $10,605.00 for 70.7 hours of work

6

was reasonable and determined that Employer engaged in an unreasonable contest. (WCJ's Finding of Fact at No. 92; Conclusion of Law at No. 4.)

Accordingly, the WCJ concluded, among other things, that Employer was obligated to pay for a HydroWorx fitness pool and alterations to Claimant's home, plus attorney's fees.

On appeal, the Board reversed the WCJ's determination that there are no reasonable alternatives to a HydroWorx fitness pool. The Board explained:

> New testimony demonstrates Claimant continues to engage in aquatic therapy at a facility [i.e., Conforti] within a reasonable distance from his home. This has remained the status quo – both before and after the [*Clippinger*] court's review. Since the court's remand, nothing has changed in regard to Claimant's ability to continue with aquatic therapy. Without more, we cannot see how the new testimony has overcome the [*Clippinger*] court's concern about whether the in-home pool and house addition qualify as an "indispensable device," let alone how it demonstrates that alternative means of treatment are not available. Thus, it does not appear that the pool and house addition are reasonable and necessary under the conditional terms set out in the UR determination . . . .

(Board's decision at 8.)

The Board also concluded that the WCJ did not abuse his discretion in awarding and calculating attorney's fees. (Board's decision at 10-14.)

Thereafter, Claimant and Employer filed appeals to this Court.[3]

---

[3] Our standard of review in workers' compensation appeals is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. *Fruehauf Trailer Corporation v. Workers' Compensation Appeal Board (Barnhart),* 784 A.2d 874, 876 n.2 (Pa. Cmwlth. 2001).

## Discussion

### Claimant's Appeal

In his appeal,[4] Claimant argues that the Board erred in reversing the WCJ's decision requiring Employer to pay for a HydroWorx fitness pool and an addition to his home because the WCJ's decision was based upon substantial, credible evidence. Pointing to the severe nature of his disability and the fact that he is not receiving the amount of sessions at Conforti that his physician has prescribed, Claimant contends the fitness pool is an indispensable device and that no reasonable alternative exists. We are constrained to disagree.

It is beyond cavil that our decision in *Clippinger* is binding precedent. *See Germantown Cab Co. v. Philadelphia Parking Authority*, 27 A.3d 280, 283 (Pa. Cmwlth. 2011). Under the doctrine of the "law of the case," where an appellate court has considered and decided a question on appeal, that court will not, in a subsequent appeal of another phase of the same case, reverse its previous ruling, even if the court is convinced that the decision was erroneous. *Farber v. Engle*, 525 A.2d 864, 869 n.5 (Pa. Cmwlth. 1987).

In *Clippinger*, we noted that Claimant's prescription stated that he should perform aquatic therapy five days a week, *id.* at 1041, and that the WCJ found that Claimant "has only been getting 3 sessions of aquatic therapy per week at a public facility," i.e., Conforti. *Id.* at 1044 n.4 (citation omitted). Nevertheless, this Court concluded:

> [H]ere a viable alternative to a new in-home pool exists. Indeed, Claimant receives aquatic therapy treatment at a nearby facility . . . . Moreover, in the UR determination, the reviewer determined an in-home therapy pool was

---

[4] Docketed at No. 948 C.D. 2015.

8

reasonable and necessary, 'if alternative means were not available.' By Claimant's own testimony, alternative means exist.

*Id.* at 1044 (citations omitted).

Based upon the law of the case doctrine, we will not revisit the *Clippinger* court's legal determination that Claimant's three-day a week sessions at Conforti constitute a reasonable alternative to an in-home fitness pool. As the Board correctly observed, Claimant's testimony at the remand hearing established that he has continued to do the same amount of treatment at Conforti as he did when *Clippinger* was decided. (R.R. at 167a-68a.) Being bound by *Clippinger*, we have no choice but to conclude that Claimant's evidence demonstrates that his treatment at Conforti is a viable and reasonable alternative to a HydroWorx fitness pool. Moreover, Claimant did not adduce any evidence at the remand hearing to demonstrate that his condition has deteriorated since *Clippinger* or that he is unable to transport to and receive treatment at Conforti. Therefore, we conclude that the Board did not err in reversing the WCJ insofar as the WCJ determined that there are no reasonable alternative means for Claimant to receive aquatic therapy treatment.

### Employer's Appeal

In its appeal,[5] Employer first contends that the Board and WCJ erred in concluding that it engaged in an unreasonable contest by failing to pay bills, post-*Clippinger*, for sessions at Conforti in a timely fashion.

Pursuant to section 440(a) of the Workers' Compensation Act (Act), 77 P.S. §996,[6] a WCJ shall award counsel fees in any case to an employee in whose

---

[5] Docketed at 1053 C.D. 2015.

9

favor the matter has been finally adjudicated unless the employer provides a reasonable basis for the contest. "Section 440 . . . is intended to deter unreasonable contests of workers' claims and to ensure that successful claimants receive compensation undiminished by costs of litigation." *Eidell v. Workmen's Compensation Appeal Board (Dana Corp.)*, 624 A.2d 824, 826 (Pa. Cmwlth. 1993) (citation omitted).

Under section 306(f.1)(5) of the Act, 77 P.S. §531(5), payment for medical expenses must be made within thirty days of receipt of the bills. The issue of whether an employer's contest is reasonable is a legal conclusion based on the WCJ's findings of fact. *Yespelkis v. Workers' Compensation Appeal Board (Pulmonology Assocs. Inc.)*, 986 A.2d 194, 200 (Pa. Cmwlth. 2009).

In its decision, the Board ably disposed of Employer's argument as follows:

> [W]e cannot agree the WCJ erred in finding [Employer] unreasonably contested the issue of late payment of physical therapy bills. [A witness's] credible testimony established that [Conforti's] bills were submitted with the required HCFA and LIBC-9 forms and treatment notes. [Employer] argues that a cumbersome payment arrangement among Conforti, [insurance networks, and Employer] led to delays in payment . . . . Nevertheless, credible evidence shows that payments were not received for well in excess of the thirty days mandated by the Act.

(Board's decision at 12; *see* WCJ's Findings of Fact at Nos. 64-78.)

---

**(continued…)**

[6] Act of June 2, 1915, P.L. 736, *as amended.* Section 440(a) of the Act was added by the Act of February 8, 1972, *as amended.*

10

Here, Employer did not contest the reasonableness or necessity of the Claimant's physical therapy bills at Conforti. Although Employer presented evidence attempting to explain its systematic processing delay in paying Claimant's bills, this testimony does not in any way excuse its obligation to make those payments in a timely manner. *See Hough v. Workers' Compensation Appeal Board (AC&T Companies)*, 926 A.2d 1173, 1182 (Pa. Cmwlth. 2007) (upholding award of unreasonable contest attorney's fees when the provider submitted appropriate documentation and the employer failed to pay medical bills within thirty days). Consequently, we agree with the Board that the WCJ did not err in determining that Employer engaged in an unreasonable contest.

Employer further argues that Claimant's attorney's itemized statements regarding attorney's fees impermissibly intermingled fees for work associated with the HydroWorx fitness pool.

When attorney fees are assessed against an employer under section 440 of the Act, those fees were limited by the General Assembly to that amount representing "a sum . . . related to the work actually done by the attorney. . . ." *Eugenie v. Workmen's Compensation Appeal Board (Sheltered Employment Service)*, 592 A.2d 358, 361-62 (Pa. Cmwlth. 1991) (citation omitted). "The amount of fees to be allowed to counsel, always a subject of delicacy if not difficulty, is one peculiarly within the discretion of the court of first instance." *Id.* at 362 (citation omitted). "[The trial court's] opportunities of judging the exact amount of labor, skill and responsibility involved . . . are necessarily greater than ours, and its judgment should not be interfered with except for plain error." *Id.* (citation omitted).

Here, Claimant's attorney's itemized statements detail the time and nature of his work. In fact, the statements separate the work performed for

11

Employer's untimely payments for prescription and physical therapy bills from the work performed for the fitness pool, with the latter being lined-out or struck through. (R.R. at 207a-20a.) Contrary to Employer's assertions, there is nothing on the face of the statements to indicate that Claimant's attorney included work devoted to the fitness pool as part of his request for attorney's fees. Given this record, Employer's argument is entirely speculative and has no concrete support in the record. Therefore, we conclude that the WCJ did not abuse his discretion in determining the amount of attorney's fees owed to Claimant's attorney.

**Conclusion**

Based on the foregoing, we conclude that the Board did not err in reversing the WCJ's order to the extent it required Employer to pay for an in-home fitness pool. We further conclude that the Board did not err in affirming the WCJ's determination that Employer engaged in an unreasonable contest and in calculating the amount of attorney's fees. Accordingly, we affirm the Board's order.

_____
PATRICIA A. McCULLOUGH, Judge

12

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Larry Clippinger, : 
         Petitioner : 
  :   No. 948 C.D. 2015
  : 
     v. : 
  : 
Workers' Compensation Appeal : 
Board (Department of Transportation), : 
         Respondent : 
  : 
Commonwealth of Pennsylvania, : 
Department of Transportation : 
and Inservco Insurance Services, : 
         Petitioners : 
  :   No. 1053 C.D. 2015
     v. : 
  : 
Workers' Compensation Appeal : 
Board (Clippinger), : 
         Respondent : 

## ***ORDER***

AND NOW, this 8th day of June, 2016, the May 20, 2015 order of the Workers' Compensation Appeal Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge