DISSENTING OPINION BY
JUDGE COSGROVE
While the Majority is correct in finding that Employer has not waived its right to seek a refund of the unreasonable contest attorney fees, and further, that Claimant is not entitled to additional fees regarding his opposition to Employer’s efforts in seeking that refund, I cannot agree that Claimant’s counsel is required to refund the unreasonable contest attorney fees which were previously awarded in this case. I must therefore respectfully dissent.
The Majority’s reasoning centers on this Court’s decision in Barrett v. Workers’ Compensation Appeal Board (Sunoco, Inc.), 987 A.2d 1280 (Pa. Cmwlth. 2010). Unfortunately, Barrett does not provide sufficient support for a principle as consequential as the Majority posits. In Barrett, the employer sought reimbursement of deposition costs from claimant’s counsel which it had been ordered to pay in a matter where it, not the claimant, ultimately prevailed. Citing Lucey v. Workmen’s Compensation Appeal Board (Vy-Cal Plastics PMA Group), 557 Pa. 272, 732 A.2d 1201 (1999), the Court noted that the order to reimburse the deposition cost, “while unusual, is not without precedent,” and held that “the [Workers’ Compensar tion Judge (WCJ) ] can order [claimant's counsel to refund” the costs of the deposition. Barrett, 987 A.2d at 1290.
The problem with this analysis is that reimbursement of attorney fees was not at issue in Lucey. In that case, the Supreme Court “granted review limited to [an] issue ... [relating to] subrogation credit arising from the negotiated settlement between claimant and his medical services provider.” Lucey, 732 A.2d at 1203. In its recitation of facts, the Supreme Court mentioned an earlier order by a WCJ directing counsel to repay attorney fees, but this fact was not at issue in the case before the Court, nor did the Court offer any hint as to whether it approved or disapproved of such action. Nonetheless, the Barrett court invokes this mere factual reference, and while recognizing that ordering refund of attorney fees is “unusual,” cites Lucey as “precedent” for its decision allowing the refund of deposition costs.
The Majority takes this thin thread and stretches it beyond what Barrett even arguably suggests. If, indeed, reimbursement of costs is the norm established by Barrett, that case, built on the non-decision in Lucey, offers no support for reimbursement of attorney fees. This fact, however, does not dissuade the Majority. Instead, in a sort of reverse gymnastics, it takes Section 440, which allows for payment of both costs and attorney fees in successful unreasonable contest matters, and concludes that the opposite must also be true, i.e., that reimbursement of attor *1219 ney fees may likewise be ordered in the unsuccessful unreasonable contest case. This logic is creative, but finds no harbor in the statute itself.
Even more troubling is the Majority’s conflation of two discrete concepts: costs and attorney fees. The Majority suggests that since Section 440 discusses attorney fees in the context of costs, then these fees must be nothing more than a species of costs, not unlike the expense incurred in the taking of a deposition as was addressed in Barrett. But attorney fees are not merely costs. They are awarded in the successful unreasonable contest case under Section 440 for important policy reasons, “serv[ing] both to discourage [unreasonable] contests and to encourage competent legal representation” in unreasonable contest claims. Eugenie v. Workmen’s Compensation Appeal Board (Sheltered Employment Service), 140 Pa.Cmwlth. 51, 592 A.2d 358, 361 (1991) (emphasis added). The present ruling flouts this policy and can only work to discourage rather than encourage counsel’s participation in the workers’ compensation process, and diminish the importance of skilled advocacy to that process.
If, indeed, the Majority aims to “pre-vente ] claimant’s counsel’s unjust enrichment,” it should base its decision on something stronger than the argument it makes.[1] Neither Lucey nor Barrett provide the necessary precedent for the conclusion reached by the Majority, which likewise lacks statutory support. If the problem identified by the Majority exists, it is not for this Court to fashion a remedy, as it has, out of whole cloth, but instead is best and more properly left to the legislature. Since I cannot support this aspect of the Majority’s holding, I must respectfully dissent.

. There is nothing in the record to indicate that counsel did not provide competent, professional service. Nor, given the fluctuation between the grant and reversal of the underlying unreasonable contest claim, is there any suggestion that this claim was not at least of arguable merit and not at all frivolous. What cannot be ignored is that the payment of attorney fees in the first place occurred as a result of this Court’s refusal to grant a super-sedeas in February of 2012 as requested by Employer. 2014 WCJ Decision at 5 F.F. Paragraph 7. We must assume that the Court’s decision denying the supersedeas was thoughtful and based on the merits presented, thus making the present decision all the more difficult to grasp.